United States District Court
Southern District of Texas
**ENTERED**
October 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAWANDA A. JACKSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-3023 |
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, *et al.*, | § § § § § | |
| Defendants. | § § | |

**FINAL JUDGMENT**

Tawanda Jackson sued the Central States, Southeast, and Southwest Areas Pension Fund and the Estate of Van LaPeal Jackson. (Docket Entry No. 1). Tawanda Jackson and Van LaPeal Jackson divorced in September 5, 1989. In July 2023, Tawanda Jackson sued the Fund and the Estate in state court, asserting that she was entitled to a portion of her ex-husband's retirement benefits.

The defendants moved to dismiss, and Jackson did not respond. This court heard arguments on October 3, 2023, and granted the motion to dismiss. The court explained its reasons in detail on the record and sets them out briefly below.

Jackson did not seek to enter a Qualifying Domestic Relations Order (QDRO) until 2023, after the death of her ex-husband. Although the Fifth Circuit has not ruled directly on this topic, there is a consensus among courts, both in this district and beyond, that "a surviving spouse annuity vests on the date of the participant's death and a proposed QDRO entered posthumously is not enforceable." *Stahl v. Exxon Corp.*, 212 F. Supp. 2d 657, 669 (S.D. Tex. 2002) (collecting cases); *see Guzman v. Commonwealth Edison Co.*, No. 99-CV-582, 2000 WL 1898846, at *2 (N.D. Ill.

Dec. 28, 2000) ("rights to survivor's benefits are fixed as the participant's death, and a valid QDRO cannot be entered after the participant's death that would expand the liability of the Plan."); *Samaroo v. Samaroo*, 193 F.3d 185 (3d Cir. 1999).

Because Jackson did not seek entry of a QDRO before her ex-husband's death, she cannot now enforce her proposed QDRO. Even if she could, because the benefits she seeks were already fully and properly paid long before she sought a QDRO, no funds remained when she did so. There are no benefits that could be payable under a newly entered QDRO. (Docket Entry No. 3 at 8). Her claim is without merit.

This civil action is dismissed with prejudice.  This is a final judgment.

SIGNED on October 13, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge